UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KELLY PAUL BROWN, JR.                                                                                    PLAINTIFF

VERSUS                                                          CIVIL ACTION NO. 3:15CV701-RHW

M.T.C. et al
                                                                                                        DEFENDANTS

## ORDER DENYING MOTIONS FOR TRO

Before the Court are motions filed by Plaintiff Kelly Paul Brown, Jr. requesting that the Court issue a temporary restraining order. Doc. [40] & [49]. Plaintiff subsequently sent a letter to the Court inquiring about the TRO. Doc. [51]. Currently, Plaintiff is an inmate at Wilkinson County Correctional Facility (WCCF). Plaintiff, proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C. § 1983 prisoner civil rights complaint alleging violations of his constitutional rights while he was incarcerated at Walnut Grove Correctional Facility (WGCF). Doc. [1]. As the central contention to his lawsuit, Plaintiff alleged that on July 25, 2015, Defendant Jamarrion Benamon used excessive force against him.

In the first motion for TRO, Plaintiff asserts that Defendant Terry Daniel was transferred from WGCF to WCCF. Doc. [40]. According to Plaintiff, Daniel has told staff members at WCCF that Plaintiff likes to sue. *Id.* Plaintiff contends that under Defendant Daniel's influence, WCCF staff have been treating him differently. *Id.* In the second motion for TRO, Plaintiff asserts that Defendant Daniel is causing him problems. Doc. [49]. He further contends that a lieutenant and warden at WCCF told Plaintiff that he needed to drop his lawsuit or more problems would come his way. *Id.* He indicates that he is not being called to the law library or medical and that he is not receiving his "state issue". *Id.* In a letter from Plaintiff filed on

February 16, 2017, Plaintiff alleges that "many verbal things" have been said from other officers about his lawsuit and that his life is in danger. Doc. [51].

The purpose of a temporary restraining order (TRO), like a preliminary injunction, is to protect against irreparable injury and preserve the status quo until the court renders a meaningful decision on the merits. *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1231 (11th Cir. 2005)(citing *Canal Authority of State of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974)). To obtain a preliminary injunction, plaintiff must show the following:

> (1) a substantial likelihood that plaintiff will prevail on the merits;
> (2) a substantial threat that irreparable injury will result if the injunction is not granted;
> (3) that the threatened injury outweighs the threatened harm to defendant; and
> (4) that granting the preliminary injunction will not disserve the public interest.

*Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985). "Plaintiff bears the burden of persuasion on all four elements." *Commonwealth Life Ins. Co. v. Neal*, 669 F.2d 300, 303 (5th Cir. 1982). In considering these prerequisites the court must bear in mind that a preliminary injunction is an extraordinary and drastic remedy which should not be granted unless the movant clearly carries the burden of persuasion. *Canal Authority*, 489 F.2d at 573. To obtain a temporary restraining order, one of the requirements is that the party seeking the TRO show that "immediate and irreparable injury, loss, or damage will result" to the party seeking the TRO. Fed. R. Civ. P. Rule 65(b).

The Court finds that Plaintiff's request for a temporary restraining order should be denied. Although Plaintiff contends that he is being harassed by staff at WCCF, he fails to provide specific examples of any immediate and irreparable harm. Plaintiff's non-specific assertions that he is being treated differently from other inmates is not an adequate basis for

taking the extraordinary and drastic measure of issuing a TRO.  Although Plaintiff alleges that he is not being called to the law library or receiving "state issue" clothing and property, the exhibits attached to Defendants' response tell a different story.  *See* Doc. [50-1] & [50-2].  The documents demonstrate that Plaintiff has received clothing and other state-issued items on at least three occasions between August 7, 2015, and August 22, 2016.  Doc. [50-1].  Plaintiff also has availed himself of the Inmate Legal Assistance Program and received prompt responses to requests for legal materials on six occasions between October 24, 2016, and January 16, 2017.  Doc. [50-2].  With respect to medical care, Defendants represent that they are not involved with Plaintiff's medical care and do not have access to his medical records.  Doc. [51] at 3.  Nevertheless, Plaintiff's non-specific assertions do not demonstrate how any of the Defendants have interfered with his ability to receive medical treatment.  Plaintiff does not identify any specific instances when he was denied medical care.  Plaintiff has failed to carry his burden of persuasion with respect to the requirements of a TRO.

       IT IS THEREFORE ORDERED AND ADJUDGED that Plaintiff's [40] [49] Motions for TRO are DENIED.

       SO ORDERED AND ADJUDGED, this the 10th day of April, 2017.

                              /s/ *Robert H. Walker*
                              ROBERT H. WALKER
                              UNITED STATES MAGISTRATE JUDGE